UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS SENTEMENTES,
    *Plaintiff*,

v.

GOVERNOR NED LAMONT ET AL.,
    *Defendants*.

No. 3:20cv1826(MPS)

**RULING ON MOTION TO AMEND**

Plaintiff Thomas Sentementes, who is proceeding *pro se*, filed this action against various defendants asserting federal and state law claims. Following an initial review of the complaint in May 2021 under 28 U.S.C. § 1915A, the Court dismissed all claims and defendants with the exception of false arrest and malicious prosecution claims asserted against Bethel Police Officer Emerson in his individual capacity arising from the plaintiff's January 2019 arrest for threatening his son and violating a protective order. ECF No. 15. Plaintiff has filed a motion for leave to amend the complaint to add a claim of negligence against defendant Emerson. ECF No. 47. He also seeks to add two defendants, Sergeants Rost and Christos, against whom he proposes to assert claims of false arrest, malicious prosecution, negligence, intentional infliction of emotional distress, and breach of fiduciary duties. ECF Nos. 46, 47. The defendant objects. ECF No. 48. For the following reasons, the plaintiff's motions are granted in part and denied in part.

**I.    Legal Standard**

Under Rule 15(a)(2), a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) is a "liberal" and "permissive" standard, *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (internal quotations marks and citation omitted), but a court may properly deny leave to amend for "futility, bad faith,

undue delay, or undue prejudice to the opposing party," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). The burden is on the non-movant to demonstrate undue prejudice or bad faith. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). "The decision whether to grant leave to amend is within the sound discretion of the District Court." *Prose Shipping Ltd. v. Integr8 Fuels Inc.*, No. 21CV341, 2022 WL 280456, at *2 (S.D.N.Y. Jan. 31, 2022).

## II.     Proposed Amendments to the Complaint

As a preliminary matter, the defendant argues that the proposed amended complaint is defective. ECF No. 48 at 5. Specifically, the defendant points out that an amended complaint ordinarily supersedes the original complaint but that here, the proposed amended complaint does not restate the false arrest and malicious prosecution claims against Emerson that are alleged in the original complaint. As a result, the defendant argues, if the Court were to grant the motion to amend, the plaintiff's "amended complaint alone would constitute the operative pleading and his claims of false arrest and malicious prosecution would be deemed abandoned." ECF No. 48 at 7. The plaintiff's proposed amended complaint states, however, that "[t]he original complaint and this amended complaint are hereby incorporated into each cause of actions [sic]." ECF No. 47-1 at 5. Accordingly, it seems clear that the plaintiff intended to incorporate the original complaint's Fourth Amendment claims against Emerson into the amended complaint. Some courts have held in such cases that to require a *pro se* plaintiff to file a second amended complaint is "an unnecessary procedural hoop that would waste resources and delay resolution of this action." *Gupte v. Lerz*, No. 3:17CV00283, 2017 WL 11318738, at *2 (D. Conn. Apr. 14, 2017) (quotation marks and citation omitted). Under the circumstances of this case, I agree. "Accordingly, in the interests of justice the Court will construe [plaintiff's] two pleadings collectively . . . as the operative pleadings in this matter." *Id.*; *see also Washburn v. Sherry*, No. 3:15CV226(RNC), 2016 WL 777890, at *1 n.1 (D. Conn. Feb. 26, 2016) ("[R]ather than dismiss the amended complaint and require the

plaintiff to file yet another complaint, the Court deems the amended complaint to include the allegations contained in the original.").

A.     **Proposed Claim of Negligence as to Emerson**

Plaintiff seeks to add a negligence claim as to Emerson.  ECF No. 47.  The proposed claim alleges that Emerson had "contact" with Sid Weston, an "eyewitness" who produced text messages from plaintiff's son that were exculpatory.  ECF No. 47-1 ¶ 2.  Plaintiff further alleges that Emerson "ignore[ed] these facts and omit[ed] them from his investigation [which prevented him] from making an informed and educated decision [and which] proved to be negligence on his part of his duties."  *Id.* ¶ 4.  The defendant objects on the grounds that the proposed claim would "unduly burden [him]."  ECF No. 48 at 7.  In support, the defendant argues that the proposed amendment was not filed until just before the close of discovery, and that as a result, he would be "deprive[d] . . . of the opportunity to explore the claim's contours in discovery, resulting in serious prejudice."[1] ECF No. 48 at 7.  But the plaintiff alleged in the original complaint that "Sid Weston went to the Bethel Police Department with the Plaintiff and gave a statement that in fact it was the Plaintiff's son who was threatening the Plaintiff and violated him on the restraining order but this fact did not stop P.O. Emerson from telling the Plaintiff that he didn't care because he didn't like the Plaintiff and wanted to see him incarcerated so P.O. Emerson arrested the Plaintiff."  ECF No. 1 at 3 ¶ 5. *See also* ECF No. 1 at 5 ¶ 20 ("Bethel Police had Sid Weston as a witness for the plaintiff but refused to use his sworn statement in the arrest warrant and had the plaintiff incarcerated for a year on false statements.")  The plaintiff therefore previously alleged that Sid Weston attempted to provide exculpatory information to the police about the underlying charge.  Given this, it does not appear that the claim is, as defendant maintains, a new "fact-intensive cause of action." ECF No.

---

[1] The plaintiff filed the motion to amend on February 24, 2022.  Discovery closed on March 8, 2002.

3

48 at 7. Defendant also argues that affirmative defenses in defending against the proposed claim exist, such as governmental immunity, but must be specifically pleaded, and that to evaluate the "viability of such affirmative defenses" at this juncture of the litigation would be unfairly prejudicial. ECF No. 48 at 9. But, as set forth above, the factual allegations underlying the cause of action are not new and "[d]elay alone is an insufficient ground for denying leave to amend a complaint." *Phillips v. Kidder, Peabody & Co.*, No. 87 CIV. 4936 (DLC), 1994 WL 570072, at *4 (S.D.N.Y. Oct. 13, 1994). The motion to amend as to the negligence claim against Emerson is granted.

## B.     Proposed Claims as to Additional Defendants

In his motion for leave to amend, the plaintiff also seeks to add two new defendants: Rost and Christos.[2] The plaintiff alleges that Rost received a phone call from the plaintiff's son who was in Florida and Christos received a call from the plaintiff's ex-wife and that the calls indicated that the plaintiff had threatened them. ECF No. 47-1 at 3-4. The officers failed to investigate and should have known that the complaints were false. ECF No. 47-1 at 6. The plaintiff further alleges that Rost and Christos knew that there was a warrant out for plaintiff's arrest on a separate charge of assault "so when a chance to add to their arrests of the [plaintiff] came about they immediately capitalized on the moment and snatched the plaintiff up as they believed since a restraining order was involved they need to do nothing but arrest the plaintiff, which once again turned out futile in their efforts to fully prosecute the plaintiff." ECF No. 47-1 at 3-4. They failed to "follow the policy and procedures to investigate the exculpatory evidence." ECF No. 47-1 at 7 ¶ 11. The proposed complaint further alleges "[t]he facts, that plaintiff had an eyewitness, text messages, and

---

[2] Although the plaintiff's motion to add Sergeants Rost and Christos as defendants is titled as a motion to "implead 3rd parties," the defendant correctly construes the plaintiff's filing as a motion for leave to file an amended complaint under Fed. R. Civ. P. 15. ECF No. 48 at 10.

4

the phone call from Florida [from plaintiff's son] would be enough to know the police had no probable cause to arrest [him]," ECF No. 47-1 at 8 ¶ 14, and that Rost and Christos

> intentionally and unjustifiably detained the plaintiff and kept him confined by claiming that had legal authority to do so, which as the result was the state dismissing the prosecution of the plaintiff for violation of a restraining order, which statute can be imputed against the plaintiff for the simple fact he is alive and breathing which likely causes annoyance to the protected person and is a reason to violate him, proves they had no legal authority to do so.

ECF No. 47-1 at 7 ¶ 12. "By arresting the plaintiff when a reasonable person would have known there was enough evidence to investigate further, [the officers] failed to do their jobs[.]" ECF No. 47-1 at 9 ¶ 19. Plaintiff asserts false arrest, malicious prosecution, negligence, intentional infliction of emotional distress, and breach of fiduciary duties and seeks compensatory damages. He proposes to sue the defendants in their individual and official capacities. ECF No. 47-1 at 4. The defendant objects principally on the grounds that the motion comes too late and that the proposed claims are futile. ECF No. 48 at 10.

**State Law Claims**

The defendant argues that the breach of fiduciary claims against Rost and Christos fail because the plaintiff has not alleged facts that suggest a fiduciary duty existed between the plaintiff and these officers. ECF No. 48 at 12. I agree. *See Allen, et al. v. Verizon Wireless, et al.,* No. 3:12–cv–482, 2013 WL 2467923 (D. Conn. June 6, 2013) ("To state a claim for breach of fiduciary duty, the plaintiff must first allege that a fiduciary duty exists.") (citing *Biller Assocs. v. Peterken,* 269 Conn. 716, 721-23 (2004) ("A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise *and is under a duty* to represent the interests of the other.") (citation omitted).

The defendant also argues that the proposed intentional infliction of emotional distress claim fails. ECF No. 48 at 13. I agree. The conduct alleged in the proposed complaint does not

differ substantively from that alleged against defendant Emerson and the Court previously concluded that those allegations failed to meet the stringent standard of demonstrating extreme and outrageous conduct. *See* ECF No. 15 at 18. *See, e.g., Huff v. W. Haven Bd. of Educ.*, 10 F. Supp. 2d 117, 122 (D. Conn. 1998) (The standard in Connecticut to demonstrate extreme and outrageous conduct is "stringent.").

**Federal Constitutional Claims**

As indicated, the plaintiff seeks to sue Rost and Christos in their individual and official capacities. The defendant argues that the official capacity claims would be futile. ECF No. 48 at 11. I agree. Claims brought against municipal employees in their official capacities are considered claims against the municipality. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). To prevail on a claim against a municipality under § 1983 based on the actions of a public official, the plaintiff must prove: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). "The same standard applies to claims against police officers and other municipal employees sued in their official capacities." *Sentementes v. Lamont*, No. 3:20CV1826(MPS), 2021 WL 1857284, at *5 (D. Conn. May 10, 2021). The plaintiff has not alleged any facts suggesting that the conduct of Rost and/or Christos was attributable to any policy, custom, or practice established or implemented by the Town of Bethel. *See DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) ("a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy") (citation omitted). Because the plaintiff fails to include facts to state a claim against Rost or Christos in their official capacities under *Monell*, the motion for leave to amend to add official capacity claims is denied.

The plaintiff alleges that Rost and Christos "restrained" his freedom and "maliciously prosecute[d] [him] for alleging assaulting two Bethel police officers." ECF No. 47-1 at 7. This arrest - for assault of a public safety officer - is distinct and separate from the January 2019 arrest at issue in this case. As a result, as to claims concerning the arrest for assault, the proposed complaint does not comply with Rule 20's requirements governing party joinder. Rule 20(a)(2) permits the joinder of multiple defendants in a single action if two criteria are met: first, the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences"; and second, "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Insofar as the plaintiff seeks to assert claims concerning his arrest for assault, such claims arise out of a factual scenario entirely distinct from that at issue in this case. Because such claims do not appear to "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences." Fed. R. Civ. P. 20(a)(2), they cannot be brought in this lawsuit, which is confined to the plaintiff's allegations arising from his January 2019 arrest for violating a protective order. ECF No. 15. *See Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 559 (S.D.N.Y. 2013) (finding that where there was "no common transaction or occurrence, severance and dismissal of the misjoined claims is mandatory").

As to plaintiff's proposed Fourth Amendment individual capacity claims arising out of his January 2019 arrest, the defendant contends that such claims would be futile because the plaintiff has not "set forth any allegations that could substantiate" false arrest and malicious prosecution claims against Rost and Christos. ECF No. 28 at 13. The defendant asserts that the plaintiff does not allege that either officer was involved in his January 2019 arrest for violating a protective order. *Id.* According to the defendant, Rost and Christos were not the arresting officers, are not mentioned in Emerson's incident report, and did not author their own incident reports. *Id.* However, when assessing the legal sufficiency of a complaint's allegations, the court must treat all

7

factual allegations as true and draw reasonable inferences in favor of the complaining party. *Robinson v. Gov't of Malay.*, 269 F.3d 133, 140 (2d Cir. 2001). The plaintiff's proposed complaint is somewhat unclear but when the Court reads it liberally, as it must, the plaintiff appears to allege that Rost and Christos failed to properly investigate the calls reporting that the plaintiff was making threats and were involved in his arrest for violating the protective order. *See* ECF No. 47-1 at 7 ¶ 12. To the extent that the plaintiff asserts Fourth Amendment claims against Rost and Christos as to his January 2019 arrest, at this juncture, such claims do not appear to be futile. With regard to the related proposed negligence claims, the defendant argues that the motion is untimely and that permitting these claims against Rost and Christos "would greatly prejudice Officer Emerson in his continued defense of this case" because he "would be required to divert significant time and resources away from the preparation of his forthcoming dispositive motion in order to ascertain whether the sergeants would be entitled to any of the immunities available to them." ECF No. 48 at 14. But as previously indicated, mere delay is not a sufficient basis on which to deny leave to amend.

There is, however, an additional problem with the plaintiff's motion - one that the parties have not addressed in their briefs - in that the federal constitutional claims appear to fall outside the statute of limitations.

"Section 1983 actions arising in Connecticut, like this one, are governed by the three-year limitations period set forth in Conn. Gen. Stat. § 52-577." *Harnage v. Torres*, 665 F. App'x 82, 83 (2d Cir. 2016). Although the plaintiff's proposed claims are based on his January 2019 arrest, he did not file the proposed amended complaint against the new defendants until February 24, 2022, see ECF No. 46, more than three years after his arrest. *See Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir. 2000) ("When a plaintiff seeks to add a new defendant in an existing action, the date of

the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purpose") (quotation marks and citation omitted).³

"Federal Rule of Civil Procedure 15(c) allows a party to proceed with otherwise late-filed claims if certain circumstances exist." *Leonard v. Gen. Motors L.L.C.*, 504 F. Supp. 3d 73, 88 (D. Conn. 2020). "Under that rule, if a complaint is amended to add a defendant after the statute of limitations has expired, the amended complaint is not time-barred if it relates back to a timely-filed complaint." *Id.* (internal quotation marks and citation omitted). Under Rule 15(c), an amendment "relates back" to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> 
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the party's identity.

Fed. R. Civ. P. 15(c).

Therefore, in order for an amended complaint that names a new party to relate back to the original complaint:

> (1) the claim against the newly named defendant must have arisen out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading;  (2) within the period provided by Rule 4(m) for serving the summons and complaint ... the newly named defendant must have 'received such notice of the action that it will not be prejudiced in defending on the merits; and (3) the plaintiff must show that, within the Rule 4(m) period, the newly named defendant 'knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

---

³The Connecticut statute of limitations for negligence claims is two years. *See Birch v. Town of New Milford*, No. 3:20-CV-1790 (VAB), 2021 WL 4932405, at *20 (D. Conn. Sept. 24, 2021).

*Leonard*, 504 F. Supp. 3d at 88–89 (D. Conn. 2020) (quotation marks and citation omitted). Although Rule 15(c) allows for amendments in the case of mistake, it "does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995), *modified*, 74 F.3d 1366 (2d Cir. 1996). *See Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (under Rule 15 (c)(1)(C), "lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity'").

As indicated, the parties have not briefed this issue and the Court is disinclined to decide it *sua sponte*. Therefore, within 14 days of this order, the plaintiff shall file a brief addressing whether or not the proposed complaint relates back under Rule 15(c)(1)(C) and if not, why the Court should not deny the motion to amend adding Rost and Christos because the proposed claims are time-barred. The defendant's response shall be filed 14 days thereafter.

### III.     Conclusion

The motions for leave to amend are granted in part and denied in part as follows. The motion for leave to amend to add a negligence claim as to defendant Emerson is granted. The motion for leave to amend to add intentional infliction of emotional distress, breach of fiduciary claims and official capacity claims against Sergeants Rost and Christos is denied. The motion for leave to amend to add the Fourth Amendment and negligence claims is taken under advisement pending briefing by the parties as set forth herein.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
                April 7, 2022